UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

ODORSTAR TECHNOLOGY, LLC,
a Florida Limited Liability Company, and
STAR BRITE DISTRIBUTING, INC., a
Florida corporation,

                    Plaintiffs,

v.

SMM DISTRIBUTORS, LLC,
a California Limited Liability Company d/b/a
BIOCIDE SYSTEMS; SPENCER BLUA, an
individual; and JUAN CARLOS BASELLI,
an individual,

                    Defendants.

_____/

**JURY DEMAND**

## VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, OdorStar Technology, LLC ("Odorstar") and Star Brite Distributing, Inc. (Star Brite) (collectively referred to herein as "plaintiffs") by and through their undersigned counsel, hereby allege in their Complaint against defendants SMM Distributors LLC, d/b/a Biocide Systems ("Biocide"), Spencer Blua ("Blua"), Juan Carlos Baselli ("Baselli") (collectively referred to herein as "defendants") as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement of United States Patent No. 6,764,661 (hereinafter "the '661 Patent") arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332(a), and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

3.      The parties are diverse and the amount in controversy exceeds $75,000 exclusive of interests and costs.

4.      This Court has personal jurisdiction over the defendants pursuant to Florida's long-arm statute F.S. § 48.193 (1)(a)-(b) and (f)(1)-(2) in that the defendants are (a) operating, conducting, engaging or carrying on a business in the State of Florida and (b) committing tortious acts within the State of Florida.

5.      Venue is proper in this district under 28 U.S.C. §§1391 and 1400(b).

6.      Joinder of the plaintiffs is proper under Fed. R. Civ. P. 20(a)(1) as Star Brite is the exclusive licensee of the '661 Patent and plaintiffs assert any right herein jointly against defendants and there are questions of law and fact common to all plaintiffs.

7.      Joinder of the defendants is proper under Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. § 299(a) as, on information and belief, Blua and Basseli aided and abetted the infringement of the '661 Patent by inducing Biocide to infringe the '661 Patent.

## THE PARTIES

8.      Odorstar is a Florida Limited Liability Company with its principal place of business in Fort Lauderdale, Florida.

9.      Star Brite is a Florida corporation with its principal place of business in Fort Lauderdale, Florida.

10.     On information and belief, Biocide is a California Limited Liability Company having its principal place of business in Los Angeles, California.

11.     On information and belief, Blua is the Chief Financial Officer of Biocide and is a California resident.

12.     On information and belief, Baselli is the Chief Executive Officer of Biocide and is a California resident.

## THE PATENT-IN-SUIT

13.     On July 20, 2004, U.S. Patent No. 6,764,661, entitled "Device for producing an aqueous chlorine dioxide solution," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the Patent is attached hereto as Ex. A.

14.     J. Blair Girard is the sole inventor and owner of the '661 Patent.

15.     Odorstar is the sole owner by assignment of the '661 Patent.

16.     The '661 Patent is in full force and effect as of the date of this Complaint and at all times relevant to the allegations herein.

## FACTUAL BACKGROUND

### Odorstar and Star Brite

17.     Odorstar is an industry leader in the management and treatment of boat, car, and household odors.  Odorstar's exclusive licensee of the '661 Patent, Star Brite, sells and offers for sale, a line of deodorizing products under the brand name NOSGUARD® which are sold on-line throughout the United States and at least in this District at West Marine stores.  The NOSGUARD® brand deodorizers operate by releasing a safe chlorine dioxide gas from a pouch containing a dry material that releases gas when exposed to water.  The chlorine dioxide gas is released for a period of time and destroys odors caused by, for example, mildew or mold.

18.     The NOSGUARD® brand deodorizers are further sold and marketed under other brand names depending on the desired use.  For example, Star Brite offers for sale CAR BOMB®, BOAT BOMB® brands of the NOSGUARD® products to treat odors in boats and car respectively, as well as a slow release and fast release product.  See http://www.westmarine.com and www.starbrite.com for examples of Star Brite's line of NOSGUARD® products.

### Biocide

19.     Biocide is in the business of using, selling, and offering to sell an odor eliminating product called the "Room Shocker" at least as early as January 2, 2008 and at least through Amazon.com. Ex. B;  see also Ex. C. which is a true and correct copy of Biocide's Federal trademark application for the mark "Room Shocker," in which Biocide indicated a date of first in commerce of the "Room Shocker" product as January 1, 2008.

20.     Biocide claims to be the exclusive distributor of the "Room Shocker."  Ex. B

21.     Biocide is in the business of using, selling, and offering to sell an odor eliminating product called the "RV Shocker" at least through Amazon.com. Ex. D.

22.     Biocide is in the business of using, selling, and offering to sell an odor eliminating product called the "Marine Shocker" at least through Amazon.com. Ex. E.

23.     Biocide is in the business of using, selling, and offering to sell an odor eliminating product called the "Auto Shocker" at least through Amazon.com. Ex. F.

24.     The Biocide products indentified in Paragraphs 19-23 above are collectively referred to as the "Biocide infringing products."

25.     Biocide has placed the Biocide infringing products into the stream of commerce with the knowledge and/or understanding that such products are sold to and used by customers in this District.

26.     The Biocide infringing products infringe at least one claim of the '661 Patent.

27.     On information and belief, Blua and Baselli are officers of Biocide and have induced the infringement of the '661 Patent by advertising and marketing the Biocide infringing products within this State and within this District by aiding, abetting, and/or directing Biocide in its infringement of the infringing products.

## COUNT I

### (Infringement of U.S. Patent No. 6,764,661)

28.     Plaintiffs re-allege and incorporate paragraphs 19-27 from above.

29.     Biocide has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalent, one or more claims of the '661 Patent by making, using, offering to sell and/or selling the infringing products and associated components in the United States without authority and in violation of 35 U.S.C. §271(a).

30.     Blua and Basseli have infringed of one or more claims of the '661 Patent by inducing others to infringe the '661 Patent, namely Biocide, in violation of 35 U.S.C. § 271(b). Specifically, Blua and Basseli have actively induced, and continue to induce, the infringement of one or more claims of the '661 Patent at least by aiding and abetting and/or directing the infringement of the '661 Patent by Biocide.

31.     Defendants' infringement of the '661 Patent has been willful and deliberate.

32.     Defendants' infringement of the '661Patent will continue unless enjoined by this Court.

33.     As a direct and proximate result of defendants' infringement of the '661Patent, plaintiffs have suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which plaintiffs are entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request the Court:

A.      Enter a judgment that defendants have infringed, induced infringement and contributed to the infringement of the '661 Patent.

B.      Order defendants to pay damages to adequately compensate plaintiffs for defendants' patent infringement, including an award of defendants' profits from its infringement of the '661 Patent as well as plaintiffs' lost profits, together with pre- and post-judgment interest.

C.      Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining defendants and their respective officers, agents, servants, employees, attorneys, customers, licensors, suppliers and those in concert or participation with them from any further sales, offers for sale, importation or use of infringing products and services and any other infringement of the '661 Patent.

D.      Find that defendants' patent infringement was willful and malicious and award treble damages to plaintiffs under 35 U.S.C. §284.

E.       Find this to be an exceptional case of patent infringement under 35 U.S.C. §285 and award reasonable attorneys' fees, costs, and expenses incurred by plaintiffs in prosecuting this action.

F.      Award such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs request trial by a jury for all claims and issues so triable.

Dated:  January 18, 2013                    Respectfully Submitted,

                                            s/  *Garrett Barten*
                                            Garrett Ari Barten, Esq.
                                                    gbarten@cwiplaw.com
                                                    Florida Bar No. 55371
                                            John Christopher, Esq.
                                                    jchristopher@cwiplaw.com
                                                    Florida Bar No. 493465
                                            CHRISTOPHER & WEISBERG, P.A.
                                            200 East Las Olas Boulevard, Suite 2040
                                            Fort Lauderdale, Florida 33301
                                            (954) 828-1488 (Telephone)
                                            (954) 828-9122 (Facsimile)
                                            *Attorneys for Plaintiffs*

436778

## **VERIFICATION**

I, Peter Dornau, hereby verify that I have read and understood the foregoing Complaint

and that the information herein is true and correct to the best of my knowledge and belief and I

am duly authorized to make this verification on behalf of plaintiffs in this action.

Dated: January 18, 2013