UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ODORSTAR TECHNOLOGY, LLC, et al.,

    Plaintiffs,

v.

                                                Civil Action No.: 0:13-cv-60136-DMM

SMM DISTRIBUTORS, LLC d/b/a
BIOCIDE SYSTEMS, et al.

    Defendants.
_____/

**INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT FOR LACK OF PERSONAL
JURISDICTION, FAILURE TO STATE A CLAIM, AND IMPROPER VENUE**

    Plaintiffs have failed to assert adequate legal bases for personal jurisdiction, statement of a claim, and proper venue as to individual defendants Spencer Blua and Juan Carlos Baselli (collectively, "Individual Defendants"). As a consequence, Individual Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss", DE# 42) must be granted.

**I.    Plaintiffs Confuse the Legal Standard Regarding the Pleading of Facts Legally Sufficient to Overcome a Motion to Dismiss**

    Plaintiffs attempt to confuse the standard of law applicable to a motion to dismiss. In Plaintiffs' Response in Opposition to Individual Defendants' Motion to Dismiss ("Opposition"), Plaintiffs assert that they have pled different facts than those pled by Individual Defendants, "and for purposes of a Motion to Dismiss, facts pled by plaintiffs must be accepted as true. Accordingly, the Court should deny defendants' motion in its entirety." Opposition at 2. While facts in the Amended Complaint should be accepted as true in consideration of a Motion to Dismiss, those facts must still be legally sufficient to set out viable claims for personal jurisdiction, statement of a claim upon which relief may be granted, and proper venue. Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] court must accept as true all of the allegations contained in a complaint" but this tenet "is inapplicable to legal conclusions."). In this case, even if the facts presented in Plaintiffs' Amended Complaint are accepted as true, which Individual Defendants dispute, the facts that Plaintiffs assert fail to provide sufficient legal bases for maintaining this action against Individual Defendants.

## II.     Plaintiffs Have Failed to Carry the Burden of Proving a Basis for Long-Arm Jurisdiction

Plaintiffs have failed to carry their burden to prove that a basis for long-arm jurisdiction exists. If the jurisdictional allegations of a complaint are refuted by a defendant's affidavit, "the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists." Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So.2d 598, 602 (Fla. 2d DCA 2007). In this case, the Supplemental Declaration of Spencer Blua (attached to Individual Defendants' Motion to Dismiss DE# 42) refutes the allegations of the Amended Complaint. In doing so, it correctly emphasizes that Exhibit G to the Amended Complaint, on which Plaintiffs rely, confirms that Defendants' dealings with Plaintiffs took place between California and New Jersey, and did not involve Florida. Plaintiffs did not and cannot refute these undisputed facts. Indeed, a close review of the affidavit of Mr. Boyle with attachments (Exhibit G to the Amended Complaint), and Mr. Blua's Supplemental Declaration (DE# 42) confirms that New Jersey, not Florida, is the jurisdictional contact, and thus the record before this Court supports dismissal of these two individuals. After the burden shifted back to Plaintiffs "to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists," Hilltopper, 955 So.2d at 602, Plaintiffs failed to offer any such proof of Florida long-arm jurisdiction. "If the plaintiff fails to come forward with sworn proof to refute the allegations in

the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted.  *Venetian Salami,* 554 So.2d at 502; (other citations omitted)." Id. at 602.

Plaintiffs have also confused Individual Defendants' arguments regarding the three asserted Florida long-arm statute provisions for personal jurisdiction.  In their Motion to Dismiss, Individual Defendants argued that they have not been "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state," pursuant to Florida Statute § 48.193(1)(a).  In this context, Individual Defendants quoted the recent Florida Supreme Court case, Kitroser v. Hurt, 85 So.3d 1084, 1088 (Fla. 2012), by stating that "[u]nder Florida's corporate shield doctrine, 'acts performed by a person exclusively in his corporate capacity not in Florida, but in a foreign state, may not form the predicate for the exercise of personal jurisdiction over the employee in the forum state.'" Kitroser, 84 So.3d at 1084.  According to Kitroser and its predecessor case, Doe v. Thompson, 620 So.2d 1004, 1005 (Fla. 1993), the corporate shield doctrine does apply to this asserted provision of Florida's long-arm statute.  See Kitroser, 84 So.3d at 1084; Doe, 620 So.2d at 1006.  Individual Defendants did not, as Plaintiffs assert, quote from Kitroser or rely on the corporate shield doctrine in addressing Plaintiffs' allegation of an intentional tort under Florida Statute § 48.193(1)(b).  Thus, Plaintiffs' claim that "Defendants' reliance on *Doe* is misplaced" is wholly inaccurate.  (Opposition at 7)

In a similar muddling of Individual Defendants' arguments, Plaintiffs take another statement from the Motion to Dismiss out of context and confuse the relevant legal issue.  Individual Defendants argued that "Mssrs. Blua and Baselli have not conducted business or sold or offered for sale Biocide products in Florida in their own names."  Motion to Dismiss at 8.  Individual Defendants made these assertions to show that Florida Statute § 48.193(1)(a) does not

provide a basis for personal jurisdiction over them. As explained previously, this provision of the long-arm statute requires that a defendant is "personally" carrying on a business in Florida, and "acts performed by a person exclusively in his corporate capacity not in Florida, but in a foreign state, may not form the predicate for the exercise of personal jurisdiction over the employee in the forum state." Kitroser, 84 So.3d at 1084.

Despite the clear case law on this point, Plaintiffs argue that "Defendants, however, miss the point. Whether defendants personally sold infringing goods in the State of Florida is not the issue, rather plaintiffs have pled that Defendants induced Biocide to infringe plaintiffs' patent by selling infringing products in the State of Florida." (Opposition at 8). This statement conflates the Florida long-arm statutory provisions regarding operating a business, F.S. § 48.193(1)(a), and committing a tort, F.S. § 48.193(1)(b), and applies an improper legal standard to the question of personal jurisdiction. Plaintiffs' theory of induced infringement does not, and cannot, apply to the question of whether Individual Defendants carried on a business pursuant to Florida Statute § 48.193(1)(a). Individual Defendants did not carry on a business pursuant to Florida Statute § 48.193(1)(a), and no other basis for personal jurisdiction exists over Individual Defendants.

### III.     The *Bennett Marine* Case Is Distinguishable From The Instant Case

Plaintiffs admit that "the facts of this case are not identical to those of *Bennett Marine*," the case on which Plaintiffs most heavily rely in their opposition memorandum. (Opposition at 9). Indeed, the facts in Bennett Marine are significantly different compared to the facts of the instant case. First, the officer ultimately accused of induced infringement in Bennett Marine, Kim Slocum, was accused of and had admitted to far more knowledge and intent related to infringement than is true in the instant case. Bennett Marine, Inc. v. Lenco Marine, Inc., No. 04-60326-CIV, 2008 WL 906766, at *1-2 (S.D. Fla. Apr. 3, 2008). For example, Slocum testified at

his deposition that he had been advised that the plaintiff had a patent, that his company, Rinker, should change its wiring schematic and installation technique. Id. at 2. Slocum further testified that the company from which Rinker purchased its trim tab systems already had a dispute with the plaintiff and that Rinker declined to change its wiring and installation technique. Id. In the instant case, Individual Defendants have had no such knowledge of alleged infringement, nor have they been accused of the same. See Motion to Dismiss Original Complaint [DE #27], Blua Decl. ¶ 10, Baselli Decl. ¶ 10.

Second, Bennett Marine is distinct from our case because the officer accused of induced infringement had more contacts with the forum state. Specifically, Slocum made business trips to Florida. Bennett Marine, 2008 WL 906766, at 1. In contrast, Individual Defendants have never made a business trip to Florida, and have not made any personal trips to Florida since at least 2005. Motion to Dismiss Original Complaint [DE #27], Blua Decl. ¶ 4, Baselli Decl. ¶ 4.

## IV. Even If this Court Finds the Facts of this Case Substantially Similar to Bennett Marine, this Court Should Not Apply the Bennett Marine Legal Conclusions to this Case

Despite Plaintiffs' heavy reliance on Bennett Marine, that opinion is not controlling precedent for this Court and should not be extended beyond the facts at issue in that case. Plaintiffs urge the Court to trace the course taken in Bennett Marine, requesting that "any decision on whether the Court has personal jurisdiction over defendants be referred to the merits." (Opposition at 6) Plaintiffs' request comes on the heels of a lengthy, misrepresented[1]

---

[1] Plaintiffs present a lengthy block quotation and attribute its entirety to Judge Marra's opinion in Bennett Marine. (Opposition at 6). However, over half of the quoted text comes from quotations from and citations to other cases. The true quotation, including citations to other cases and associated parentheticals, follows:
> See Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F.Supp.2d 598, 614-15 (N.D. Iowa 2006) ("where ... inducement of infringement involves the defendant's own actions in directing or encouraging infringement by another in a

quotation from Bennett Marine, in which the Court decided to "reserve ruling on the jurisdictional issues until a decision on the merits can be rendered." Bennett Marine, 2008 WL 906766, at *4.

In this case, forcing Individual Defendants to defend themselves until this Court reaches a decision on the merits, despite Plaintiffs' failure to offer a basis for personal jurisdiction, is unjust and denies Individual Defendants due process. Due to an expedited schedule, the parties are scheduled for mediation in three weeks, September 9, and discovery ends next month. The longer Individual Defendants' jurisdiction, venue and failure to state a claim defenses remain unresolved in an expedited litigation case, the greater will be the inherent unfairness contrary to a "just, speedy and inexpensive determination" of these threshold issues before a Court that should have no jurisdiction over Individual Defendants. Fed. R. Civ. P. 1

Furthermore, the broad extension of the holding in Bennett Marine to other cases sets a dangerous precedent that grants far too much power to overreaching plaintiffs haling individual

---

particular forum ... it follows that the inducer has directed his activities at the forum just as certainly as the infringer has") (internal quotation marks and citations omitted). Thus, any inquiry relating to minimum contacts must resolve both the question of personal jurisdiction and the inducement claim.[FN5] In situations "[w]here the jurisdictional issues are intertwined with the substantive merits, 'the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.' " *Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 733 (11th Cir.1982)* quoting *Chatham Condo. Assocs. v. Century Village, Inc., 597 F.2d 1002, 1011 (5th Cir.1979).*[FN6] Reaching the merits requires developing a full factual record relating to jurisdictional issues. *See id.* at 729 ("federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits.") Accordingly, the Court will exercise its discretion to reserve ruling on the jurisdictional issues until a decision on the merits can be rendered.[FN7] *See Nissim Corp. v. Clearplay, Inc., 351 F.Supp.2d 1343 (S.D.Fla.2004)* (since personal jurisdiction over corporate officer will turn on whether the plaintiff could prove allegations that corporate officer actively induced patent infringement it is necessary to defer ruling on jurisdictional issue until trial or summary judgment).
Bennett Marine, 2008 WL 906766, at *4.

SGR/11300894.1

officers into courts wherever an accused product is sold.  By extension, every time a plaintiff accuses a company official of induced infringement, that official will be compelled to defend him- or herself in any jurisdiction in which the associated company sold the accused product, at least until the summary judgment stage or until trial.  This result would be an abuse of the judicial system, and should not be advanced here.

## V. Individual Defendants' Due Process Analysis Is Not a Red Herring, But Necessary under Federal Law

Individual Defendants' arguments regarding due process are not a "red herring," as Plaintiffs argue, Opposition at 8, but necessary analysis under federal law.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (holding that due process requires "that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  Attempting to discard due process by labeling it a "red herring" is contrary to controlling law, and a non-starter for this Court.  The argument advanced that Individual Defendants' company has to appear in Florida anyway, Opposition at 8, does not meet the due process test for minimum contacts.  To find minimum contacts, the Court must determine "whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1344 (quoting Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003)).  As stated in the Motion to Dismiss, Individual Defendants have not had sufficient contacts with Florida such that they have had "fair warning that a particular activity may subject [them] to" foreign jurisdiction and may "reasonably anticipate being haled into

court" in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Shaffer v. Heitner, 433 U.S. 186, 218 (1977)). It is not pled or consistent with the Declarations on file that these two Individual Defendants purposely targeted their activities for Biocide at Odorstar in Ft. Lauderdale, and Mr. Boyle's affidavit does not claim otherwise. *See* Amended Complaint [DE #39], Exhibit G. At bottom, and based on this record, assertion of personal jurisdiction against California citizens Blua and Baselli is unreasonable and offends fair play.

## VI. Plaintiffs Did Not Plead Sufficient Facts to State a Claim regarding Knowledge and Intent Merely by Pleading "Aiding and Abetting"

Merely pleading that Individual Defendants "aided and abetted Biocide's infringement of plaintiffs' patent," Opposition at 10, does not sufficiently plead the intent required for a claim of induced infringement. "A plaintiff has the burden to demonstrate that the defendant was aware of the patent and ***actively and knowingly aided and abetted*** another's direct infringement." Brandywine Commc'ns Techs., LLC v. Casio Computer Co., 912 F. Supp. 2d 1338, 1345 (M.D. Fla. 2012) (citing Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011)) (emphasis added). In Brandywine, the Middle District of Florida did not consider it sufficient to state "aided and abetted" infringement, but rather prefaced the aiding and abetting standard with "actively and knowingly." Id.; see also Brandywine Communications Technologies, LLC v. T-Mobile USA, Inc., 904 F. Supp. 2d 1260, 1267 (M.D. Fla. 2012); Zamora Radio, LLC v. Last.FM, Ltd., 758 F.Supp.2d 1242, 1247 (S.D. Fla. 2010) ("Induced infringement is found where a person actively and knowingly aids and abets another's direct infringement.") (citing Water Techs. Corp. v. Calco, Ltd., 850 F.2d 660, 668 (Fed. Cir. 1988) ( "Although section 271(b) does not use the word 'knowing,' the case law and legislative history uniformly assert such a requirement.")); Medtronic Xomed, Inc. v. Gyrus ENT LLC, 440 F. Supp. 2d 1300, 1313 (M.D. Fla. 2006) ("A person induces infringement under § 271(b) 'by actively and knowingly

aiding and abetting another's direct infringement.'") (quoting C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc., 911 F.2d at 670, 675 (Fed. Cir. 1990)).  Thus, Plaintiffs are incorrect to assume that "[b]y definition, 'aiding and abetting' inherently includes knowledge and intent." (Opposition at 10)  The case law demonstrates that courts do not consider knowledge and intent to be included in the phrase "aiding and abetting."  Plaintiffs failed to plead sufficient facts to allege the knowledge and intent required for induced infringement.  ,Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Even if Plaintiffs' had pled that Individual Defendants had actively and knowingly aided and abetted direct infringement by Biocide, this allegation would not be sufficient to properly state a claim against Individual Defendants for induced infringement. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  A claim for induced infringement should be dismissed where a plaintiff fails to "allege any facts to support a reasonable inference that [the defendant] specifically intended to induce infringement of [the patent at issue] or that [the defendant] knew it had induced acts that constitute infringement." Superior Indus., LLC v Thor Global Ents. Ltd, 700 F.3d 1287, 1296 (Fed. Cir. 2012).

**VII.  Plaintiffs Have Failed to Establish that Venue properly lies in this District**

Attempting to support venue against the Individual Defendants by virtue they are corporate officer and may have to testify for Biocide, Plaintiffs cite the Bennett Marine and Hoover Group cases for the proposition that venue would be proper if the Individual Defendants directed and controlled the [company's] infringing conduct in Florida.  However, "venue as to corporate employees charged with personal responsibility for acts taken as individuals, not as the alter ego of the corporation, does not flow automatically to forums in which venue is proper as to

the corporation." Hoover Group., Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1410 (Fed. Cir. 1996).  In Hoover, the Plaintiff alleged that the individual defendant was the president, chief executive officer, and principal shareholder of the corporate defendant, and that the individual defendant "made all major decisions concerning the business involved in th[e] lawsuit."  Id. at 1410.  In Bennett Marine, the Plaintiff specifically alleged that the individual defendant, Slocum, directed and controlled the infringing conduct of the corporate entity.  Bennett Marine, 2008 WL 906766, at *2.  Unlike those cases, Plaintiffs in this case have failed to assert that Individual Defendants are alter egos of their company, and do no more than allege that Individual Defendants are officers of Biocide.  As a result, Plaintiffs have failed to plead proper venue.

Plaintiffs have also failed to plead proper venue for Individual Defendants in their non-corporate capacity, which must be "where (1) the defendant resides or (2) where the defendant has 'committed acts of infringement *and* has a regular and established place of business. Vivant Pharms., LLC v. Clinical Formula, LLC, No. 1:10-cv21537-MGC, 2011 WL 1303218, at *9 (S.D. Fla. Mar. 31, 2011) (quoting 28 U.S.C. §1400(b)).  It is undisputed that Individual Defendants are citizens of California and do not have a regular and established place of business in Florida.  Thus, venue for the Individual Defendants does not properly lie in this District.

## VIII.   CONCLUSION

Plaintiffs have failed in their burden to overcome the Declarations on file, and show compliance with the long-arm statute and minimum contacts to hale these California citizens into this District.  "If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted.  *Venetian Salami,* 554 So.2d at 502; (other citations omitted)."  Hilltopper, 955 So.2d at 602.  Individual Defendants respectfully request the Court to dismiss them from this action for lack of personal jurisdiction, improper venue and failure to state a claim against them personally.

Dated:  August 16, 2013                                         Respectfully submitted,

**SMITH, GAMBRELL & RUSSELL, LLP**
Bank of America Tower
50 N. Laura Street, Suite 2600
Jacksonville, FL  32202
Tel.:  (904) 598-6100
Fax:  (904) 598-6300

s/ James W. Middleton
James W. Middleton
Florida Bar Number 508152
jmiddleton@sgrlaw.com

and

Edward A. Pennington, Esq. (*pro hac vice*)
epennington@sgrlaw.com
Sean T.C. Phelan (*pro hac vice*)
sphelan@sgrlaw.com
**Smith, Gambrell & Russell, LLP**
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, D.C. 20007
Tel.:  (202) 263-4300
Fax:  (202) 263-4348

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 16, 2013, a true and correct copy of the foregoing *Individual Defendants' Reply in Support of Motion to Dismiss Amended Complaint* was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or other persons authorized to receive Notices of Electronic Filing generated by CM/ECF.

s/ James W. Middleton
James W. Middleton