UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 0:13-cv-60136-DMM

ODORSTAR TECHNOLOGY, LLC,
a Florida Limited Liability Company, and
KINPAK, INC., an Alabama corporation,

        Plaintiffs,

v.

SMM DISTRIBUTORS LLC, a California
Limited Liability Company d/b/a BIOCIDE
and SMM MANUFACTURING, INC., a
California Corporation,

        Defendants.
_____/

### PLAINTIFFS' MOTION TO STAY DEFENDANTS' MOTION FOR ATTORNEYS' FEES OR, IN THE ALTERNATIVE, ORDER FOR EXPEDITED BRIEFING SCHEDULE

Plaintiffs, Odorstar Technology, LLC ("Odorstar") and Kinpak, Inc. ("Kinpak") (collectively, "plaintiffs"), in accordance with Rule 62 of the Federal Rules of Civil Procedure, hereby request a stay of Defendants' Motion for Attorneys' Fees [ECF No. 99], pending appeal of this Court's final Order and Judgment [ECF Nos. 91 and 92]. Plaintiffs request that any further litigation over attorneys' fees and costs should be deferred until after resolution of the appeal that plaintiffs filed with the Federal Circuit Court of Appeals. [ECF No. 93].

Significantly, and as discussed in more detail below, Defendants' Motion for Attorneys' Fees should be stayed because:

- prevailing on Summary Judgment is not the standard for granting attorneys' fees;

- determination of whether this case is exceptional could be mooted by a favorable ruling on Plaintiffs' Appeal;

1

- it is prudent to preserve judicial economy and party resources;
- it is judicious to avoid duplicative litigation; and
- applicable legal standards could be modified this summer by the Supreme Court.

Furthermore, plaintiffs respectfully request that the Court expedite its ruling of the instant motion before the deadline to file Plaintiff's Response in Opposition to Defendants' Motion for Attorney Fees. Accordingly, as good cause for a stay of this action, and in an effort to preserve judicial economy of the Court and both parties' resources, plaintiffs submit the following:

## I.   Background

On January 28, 2014, this Court issued a Final Judgment in this matter, ruling in favor of defendants on Summary Judgment and issued its claim construction opinion for U.S. Patent No. 6,764,661 (hereinafter "the '661 Patent") [ECF Nos. 91 and 92]. On February 10, 2014, Plaintiffs timely filed a Notice of Appeal [ECF No. 93]. Over a month and a half later, on March 27, 2014, defendants filed their Motion for Attorneys' Fees and Costs seeking to collect $259,550.00 [ECF Nos. 99 and 100].

## II.   Legal Standards

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). The balance of power and disposition of causes on a docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-255. Reasons to grant a stay may include "the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources." *MEI, Inc. v. JCM Am. Corp.*, 2009 U.S. Dist. LEXIS 96266,*14 (D.N.J. Oct. 15, 2009)(citing *Miccosukee*

2

*Tribe of Indians v. South Florida Water Mgmt. Dist*., Civ. No. 98-06056, slip op. at 6 (S.D. Fl. Mar. 28, 2007), appeal denied, 559 F.3d 1191 (11th Cir. 2009)).

Moreover, the Federal Rules of Civil Procedure contemplates that a district court may defer ruling on a motion for attorneys' fees and costs until a pending appeal has been decided. *See* Comments to Fed. R. Civ. P. 54(d)(2)(B) and advisory notes (1993 amendments)("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, ***may defer its ruling on the motion, or may deny the motion without prejudice***, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved")(emphasis added).

Further, the Supreme Court identified four traditional factors for consideration in assessing a request to stay an order pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 566 (U.S. 2009); *see also Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

### III. Argument

#### A. The outcome of the Appeal may affect the determination of exceptionality.

Patent infringement lawsuits are generally subject to the same rules that control other federal litigation, in so much as "each party bears its own expenses." *Merial Ltd. v. Intervet, Inc.*, 437 F. Supp.2d 1332, 1335 (N.D. Ga. 2006). "The statute allowing attorneys' fees in patent cases, 35 U.S.C. § 285, provides that attorneys' fees are awarded to the prevailing party only in exceptional cases, which have been defined as cases involving equitable considerations such as unfairness or bad faith in the losing party's conduct." *Astrazeneca AB v. Mut. Pharm. Co.*, 2003 U.S. Dist. LEXIS 21055 at*6 (E.D. Pa. Nov. 12, 2003). As such, attorneys' fees and costs in patent cases are *only* awarded in exceptional cases. Further, an appellate ruling in favor of

plaintiffs would likely demonstrate that plaintiffs' claim had merit; thus making defendants' accusation of the claims being baseless erroneous. Plaintiffs further contend that this action is in no way exceptional by any objective or subjective metric, and will argue as much in its Opposition to Defendant's Motion for Attorneys' Fees and Costs should the Court deny the instant motion.  Simply, prevailing on Summary Judgment is not the standard for an award of attorneys' fees, otherwise every case decided on Summary Judgment would be exceptional – which is in no way the standard.

Moreover, the total sum of attorneys' fees at issue in this case is likely to change should plaintiffs prevail in their Appeal.  Indeed, at least one District Court has held that it would be prudent to stay a case owing to this concern.  *See, e.g.*, *Astrazeneca AB v. Mut. Pharm. Co*., 2003 U.S. Dist. LEXIS 21055 at *7 (E.D. Pa. Nov. 12, 2003) ("[g]iven that this Court's determination of whether this is an exceptional case will depend, in part, ***on the outcome of the appeal that is likely in this case***, it is within this Court's discretion to stay the issue of attorney's fees until such appeals are complete")(emphasis added); *see also Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.,* 182 F.3d 1356, 1360, n. 2 (Fed. Cir. 1999). As mentioned above, the Federal Rules of Civil procedure further support the assertion that a district court may defer ruling on a request for attorneys' fees and costs until a pending appeal has been decided. *See* Comments to Fed. R. Civ. P. 54(d)(2)(B) and advisory notes (1993 amendments)(If an appeal on the merits of the case is taken, the court may rule on the claim for fees, ***may defer its ruling on the motion, or may deny the motion without prejudice***, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved")(emphasis added). Significantly, litigating the issue of whether to award of attorneys' fees and determining whether this case is exceptional, would require substantial time and resources, from both the parties and the Court. These resources would likely

4

be wasted should plaintiffs prevail, even in part, on its Appeal to the Federal Circuit. Thus, a stay should be granted in order to preserve judicial economy and the resources of both parties.

### B. The Supreme Court's traditional four factor test favors a stay.

#### *(1) The public interest lies in favor of a stay.*

The public interest lies in favor of a stay in the instant action. The public has an interest in efficient use of judicial and party resources. If the parties litigate the issue of attorneys' fees prior to the Federal Circuit Court of Appeals' ruling, time and resources will be wasted. In favor of judicial efficiency, many courts defer ruling on a request for fees until after the appeal has been decided on its merits. *See, e.g., Hipp v. Liberty Nat. Life Ins. Co.*, 65 F. Supp.2d 1314, 1323 (M.D. Fla. 1999) ("In the interests of judicial economy, the Court will… defer ruling on costs and attorneys' fees until all appeals have been resolved"), *aff'd in part, rev'd on other grounds in part*, 252 F.3d 1208 (11th Cir. 2001); *Nat'l Farmer's Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("Thus, rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, [ ] the district court wisely deferred ruling on attorneys' fees and costs pending appeal") (citations omitted); *Hammond v. Alcoa, Inc.,* 2009 U.S. Dist. LEXIS 14212, *3-4 (W.D. Pa. Feb. 24, 2009) (deferring motion for an award of attorney's fees while appeal on merits was pending, finding the motion "premature" and that to rule before the Court of Appeals decides the appeal would be "inappropriate" and "inefficient"). Here, the parties can avoid the needless expenditure of briefing the attorneys' fees issue only once instead of potentially twice, if this Court grants the requested stay. Thus, public interest favors a stay.

Additionally, denying the stay will potentially encourage a wasteful precedent of duplicative litigation. Specifically, Defendants' Motion for Attorneys' Fees rests heavily on the assertion that they should be awarded attorneys' fees simply because they prevailed on two

motions: Defendants' Motion to Dismiss the Principals and Defendants' Motion for Summary Judgment [See ECF No. 99]. However, prevailing in an action is one of several factors taken into consideration for attorneys' fees; it is not the all-encompassing determination of such an award. Because defendants' focus their motion on being the prevailing party and little else, denying this stay would invite a dangerous precedent of encouraging all prevailing parties to argue for attorneys' fees pending appeal. This precedent would clog the system with unnecessary litigation.

Plaintiffs further note that of the $259,550 that defendants' seek, defendants' counsel has only been paid $18,000 of that sum from its own clients. Denying this stay would only aid defendants in further avoiding payment to their attorneys. Such a precedent would in turn also clog the judicial system by encouraging clients to avoid timely paying their attorneys and instead incentivize parties to keep litigating in order for the prevailing party's attorneys to be paid by the other side instead of their own client. Thus, the public interest in the preservation of resources militates in favor of granting plaintiffs' motion to stay.

### *(2) The issuance of the stay will not substantially injure the defendants.*

The issuance of the stay will not substantially injure the defendants, which also weighs heavily in favor of granting the stay. If the Federal Circuit rules in favor of the defendants, the defendants "may (1) renew their motions for fees and costs by filing a memorandum of law discussing how the Federal Circuit's decision impacts the analysis of the prevailing party in this matter, and (2) seek to lift the stay imposed by this Order." *Flexiteek Americas, Inc., v. Plasteak, Inc.,* 2010 U.S. Dist. LEXIS 90181, *20 (S.D. Fla. July 20, 2010) (Cohn, J.)(internal quotations omitted). Thus, in addition to avoiding duplicative litigation on the same issue, defendants will not be harmed by the issuance of the stay, because the Court will be able to hear the issue of attorneys' fees following the ruling from the Federal Circuit Court of Appeals, should plaintiffs

lose their Appeal. Should plaintiffs prevail on appeal, the parties will avoid the expenditure of litigating a moot issue.  As such, a stay preserves resources by litigating the issue only one time instead of twice.

Defendants will not be harmed by a stay – as they have not paid their attorneys in almost a year anyway. See [ECF No. 100 at Ex. 7]. Indeed, defendants have only paid their attorneys $18,000, which is less than seven percent (7%) of the amount opposing counsel is seeking to recover from plaintiffs. While defendants presumably have an obligation to pay their attorneys, the fact that defendants have not paid those fees in almost a year is indicative that a brief stay is unlikely to harm them. As such, resources are preserved for all parties by waiting until the final outcome of the appeal.

### *(3) Plaintiff will be irreparably injured absent a stay.*

Plaintiffs will be irreparably injured absent a stay. As argued above, granting the requested stay conserves efficiency and resources of the parties and of the Court. Litigating the issue of attorneys' fees and costs necessitates that the parties' and the Court expend and waste additional resources that may indeed be futile depending on the outcome of the appeal. Should the stay be denied, and should plaintiffs prevail on appeal, both parties would have wasted time and money arguing over a moot issue. Should the stay be denied and should plaintiffs lose on appeal, a stay preserves resources by litigating the issue only one time instead of twice. As such, the plaintiffs would be harmed by having to expend money arguing a futile motion, or by having to litigate the same issue twice. Thus, no matter the outcome of the appeal, all parties' resources are preserved by the granting of this stay.

### *(4) Plaintiffs' are likely to succeed on the merits.*

Taken collectively with the other factors, the factor for likelihood of success on the merits weighs in favor of a stay. The factor for likelihood of success on the merits should be

applied flexibly as the stay factors contemplate "individualized judgments" in each case, and the "formula [for doing so] cannot be reduced to a set of rigid rules." *Hilton,* 481 U.S. at 777.

Plaintiffs believe that there is not an unreasonable likelihood that they will succeed, at least in part, on appeal. It is not an insubstantial risk that the Federal Circuit will at least affirm in part, reverse in part, or reverse the whole District Court's judgment. For instance, the Federal Circuit reverses the District Court in nearly 1 in 5 cases regardless of the issue on Appeal (*see* Court of Appeals Federal Circuit's Statistics[1]).  However, when broken down by issue, studies have shown that patent owners were successful over 40% of the time on claim construction.  *See, e.g.*, Gibson Dunn's "Federal Circuit year In Review[2]"). Thus, the Federal Circuit is not a mere rubber stamp on this issue and there is a real and substantial risk of duplicative litigation on an unresolved issue. Thus, taking this factor flexibly and collectively with the other factors, a stay is strongly supported.

### C. The Supreme Court will determine the appropriate legal standards for exceptionality later this summer.

Significantly, Defendants' Motion for Attorneys' Fees should be stayed because both the substance of the motion, and relative legal standards for appellate review, will be decided by the Supreme Court this summer. The Supreme Court recently heard two cases that concern the precise issue presented in defendants' motion, of which decisions will be forthcoming a few months from now – in June 2014. Specifically, the Supreme Court  recently heard arguments about the proper standard for determining what is an "exceptional case" in attorney fee shifting pursuant to 35 U.S.C. §285. *See Octane Fitness, LLC v. Icon Health & Fitness, Inc.,* 134 S. Ct. 49 (U.S. 2013), *cert. granted*, (No. 12-1184). The fact that the proper standard for exceptionality will be decided by the Supreme Court in a few months should be grounds alone for granting a

---

[1] Federal Circuit Court of Appeals Statistics – can be found at:
http://www.cafc.uscourts.gov/images/stories/thecourt/statistics/FY13/appeals%20filed%20term%20pend%209.30.13.pdf
[2] Gibson Dunn's Federal Circuit Year In Review 2012/2013 – can be found at:
http://www.gibsondunn.com/publications/Documents/Federal-Circuit-2012-2013-Year-in-Review.pdf at P. 5.

stay of the Defendants' Motion for Attorneys' Fees.  Secondly, together with *Octane Fitness,* the Supreme Court also heard arguments regarding the standard of the Federal Circuit's appellate review of district court cases concerning fee shifting decisions. *Highmark Inc. v. Allcare Health Mgmt. Sys*., 134 S. Ct. 48 (U.S. 2013), *cert. granted*, (No. 12-1163). Accordingly, any award of attorneys' fees will be appealed to the Federal Circuit – whose standard of review is also uncertain at this time due to the *Highmark* case. As such, both of the upcoming Supreme Court decisions will have a direct effect on the outcome of Defendants' Motion for Attorneys' Fees. Thus, while these Supreme Court decisions are pending, any motion for attorneys' fees is premature.

## IV.     Conclusion

For all of the foregoing reasons, plaintiffs respectfully requests the Court to grant Plaintiff's Motion to Stay at least and until the Federal Circuit Court of Appeals rules on the claim construction of the '661 Patent.

Certification under Local Rule 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. Defendants' counsel indicated that it opposes Plaintiffs' Motion to Stay Defendants' Motion for Attorneys' Fees and Costs.

Date: April 2, 2014            By:     *s/ Garrett A. Barten*
                                       Garrett A. Barten, Esq.
                                           gbarten@cwiplaw.com
                                       Florida Bar No. 55371
                                       John Christopher, Esq.
                                           jchristopher@cwiplaw.com
                                       Florida Bar No. 493465
                                       CHRISTOPHER & WEISBERG, P.A.
                                       200 East Las Olas Boulevard, Suite 2040
                                       Fort Lauderdale, Florida 33301
                                       (954) 828-1488 (Telephone)
                                       (954) 828-9122 (Facsimile)
                                       *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of April, 2014, I electronically filed the foregoing Plaintiffs' Motion to Stay Defendants' Motion for Attorneys' Fees or, in the Alternative, Order for Expedited Briefing Schedule with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Kimberly A. Stratos*
Kimberly A. Stratos

**Service List**
*Case No.: 0:13-cv-60136-DMM*

James W. Middleton, Esq.
Smith, Gambrell & Russell, LLP
Bank of America Tower
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
***Via CMECF***

Edward Pennington, Esq.
Smith, Gambrell & Russell, LLP
1055 Thomas Jefferson Street NW
Suite 400
Washington, DC 20007
***Via CMECF***

542089